**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **WALKER DIGITAL, LLC** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. _____** |
| **APPLE INC., DIGIMARC CORPORATION, THE NIELSEN COMPANY (US) LLC, THE WALT DISNEY COMPANY, THE WEATHER CHANNEL, LLC and TVAURA MOBILE LLC** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Walker Digital, LLC, ("Walker Digital") files this complaint for patent infringement against Defendants Apple Inc. ("Apple"); Digimarc Corporation ("Digimarc"); The Nielsen Company (US) LLC ("Nielsen"); The Walt Disney Company ("Disney"); The Weather Channel, LLC ("Weather Channel"); and TVaura Mobile LLC ("TVaura") (collectively the "Defendants"):

## THE PARTIES AND PATENTS-IN-SUIT

1.      Plaintiff Walker Digital, LLC is a Delaware limited liability company with its principal place of business located at 2 High Ridge Park, Stamford, Connecticut 06905.  Walker Digital is a research and development laboratory that has been the genesis for many successful businesses, including Priceline.com and Synapse, Inc.

2.      On information and belief, Defendant Apple Inc. is a California corporation with its principal place of business located at 1 Infinite Loop, Cupertino, California 95014.

3.      On information and belief, Defendant Digimarc Corporation is an Oregon corporation with its principal place of business located at 9405 SW Gemini Drive, Beaverton, Oregon 97008.

4.      On information and belief, Defendant The Nielsen Company (US) LLC is a Delaware limited liability company with its principal place of business located at 770 Broadway, New York, New York 10003.

5.      On information and belief, Defendant The Walt Disney Company is a Delaware corporation with its principal place of business located at 500 S. Buena Vista Street, Burbank, California 91521.

6.      On information and belief, Defendant The Weather Channel, LLC is a Georgia limited liability company with its principal place of business located at 300 Interstate North Pkwy. SE, Atlanta, Georgia 30339.

7.      On information and belief, Defendant TVaura Mobile LLC is a Delaware limited liability company with its principal place of business located at 9405 SW Gemini Drive, Beaverton, Oregon 97008.

## JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9.      On information and belief, all of the Defendants are subject to this Court's jurisdiction because they have, upon information and belief:  (1) transacted business in this district including such activities as (directly and/or through intermediaries) shipping, distributing, offering for sale, selling, and/or advertising (including via the provision of such services over the Internet) each of their accused products in the State of Delaware; and/or (2) delivered their products into the stream of commerce with the expectation that they will be purchased by consumers in Delaware.  Moreover, Defendants Nielsen, Disney and TVAura are corporations or limited liability companies organized and existing under the laws of the State of Delaware.  All the Defendants, upon information and belief, are doing substantial business in this District, and have committed acts of patent infringement in this District.

10.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## THE ASSERTED PATENT

11.     On July 17, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 6,263,505 ("the '505 patent"), entitled "System and Method for Supplying Supplemental Information for Video Programs" to Jay S. Walker, James A. Jorasch, Robert R. Lech and Thomas M. Sparico, who assigned their rights and interests in the '505 patent to Walker Digital.  A true and correct copy of the '505 patent is attached as Exhibit A.

12.     Walker Digital is thus the owner of the '505 patent.

- 3 -

**FACTUAL BACKGROUND**

13.     Walker Digital is a research and development laboratory that has invested many millions of dollars in the development of its intellectual property.  Walker Digital is comprised of a diverse group of inventors who solve business problems by studying human behavior and designing innovative solutions utilizing modern information technologies.   Walker Digital's invention team has created a portfolio of more than 200 U.S. and international patents in a wide range of industries that include retail, vending, credit cards, security, gaming, educational testing, and entertainment.  Jay Walker, the chairman of Walker Digital, is best known as the founder of Priceline.com, which brought unprecedented technology and a new level of value to the travel industry.   The business processes that guide Priceline.com's success were created in the invention lab of Walker Digital.  As an inventor, Mr. Walker is named on more than 450 issued and pending U.S. and international patents.

14.     Walker Digital has invested large sums of money to develop the inventions of Mr. Walker and Walker Digital's team of innovators.  This investment was used for many things, including the development of laboratory facilities to assist with the development and testing of new inventions which, in turn, generated additional new inventions.   Many of these new inventions have been the genesis for successful businesses, including Priceline.com and Synapse, Inc.  Revolutionary technologies, including the method for supplying supplemental information for video programs described and claimed in the '505 patent, were a direct result of that investment.

15.  The '505 patent represents breakthrough technology in the field of consumer electronics.  Through the inventions of the '505 patent, a user can get synchronized supplemental information related to a video program while watching the video program.  By way of example

and not limitation, an iPad with an appropriate application, such as "From the Edge" or "ABC's Grey's Anatomy Sync" receives a request from a viewer for supplemental information related to a video program (such as photos, behind the scenes video and/or character information), receives synchronization information relating to the video program, processes the request for the supplemental information, and transmits the synchronized supplemental information using the synchronization information.  Thus, the information requested by the video user can be requested and received about a specific scene.

## COUNT I
### (Infringement of the '505 Patent)

16.     Walker Digital incorporates and realleges the allegations of paragraphs 1-15.

17.     Upon information and belief, Defendant Apple is infringing (literally and/or under the doctrine of equivalents) the '505 patent in this District and throughout the United States by, among other things, using, an iPad with installed application that is covered by, without limitation, claim 7 of the '505 patent.  By way of example and without limitation, Defendant uses an iPad with installed application, such as "From the Edge" or "ABC's Grey's Anatomy Sync," to receive a request from a viewer for supplemental information related to a video program (such as photos, behind the scenes video and/or character information), receive synchronization information relating to the video program, process the request for the supplemental information, and transmit the synchronized supplemental information using the synchronization information.

18.     Upon information and belief, Defendant Digimarc is infringing (literally and/or under the doctrine of equivalents) the '505 patent in this District and throughout the United States by, among other things, using an iPad with installed application that is covered by, without

limitation, claim 7 of the '505 patent. By way of example and without limitation, Defendant uses an iPad with installed application, such as "From the Edge" or "ABC's Grey's Anatomy Sync," to receive a request from a viewer for supplemental information related to a video program (such as photos, behind the scenes video and/or character information), receive synchronization information relating to the video program, process the request for the supplemental information, and transmit the synchronized supplemental information using the synchronization information.

19. Upon information and belief, Defendant Nielsen is infringing (literally and/or under the doctrine of equivalents) the '505 patent in this District and throughout the United States by, among other things, using an iPad with installed application that is covered by, without limitation, claim 7 of the '505 patent. By way of example and without limitation, Defendant uses an iPad with installed application, such as "From the Edge" or "ABC's Grey's Anatomy Sync," to receive a request from a viewer for supplemental information related to a video program (such as photos, behind the scenes video and/or character information), receive synchronization information relating to the video program, process the request for the supplemental information, and transmit the synchronized supplemental information using the synchronization information.

20. Upon information and belief, Defendant Disney is infringing (literally and/or under the doctrine of equivalents) the '505 patent in this District and throughout the United States by, among other things, using, covered by, without limitation, claim 7 of the '505 patent. By way of example and without limitation, Defendant uses an iPad with installed application, such as "ABC's Grey's Anatomy Sync," to receive a request from a viewer for supplemental information related to a video program (such as photos, behind the scenes video and/or character

information), receive synchronization information relating to the video program, process the request for the supplemental information, and transmit the synchronized supplemental information using the synchronization information.

21.    Upon information and belief, Defendant Weather Channel is infringing (literally and/or under the doctrine of equivalents) the '505 patent in this District and throughout the United States by, among other things, using an iPad with installed application that is covered by, without limitation, claim 7 of the '505 patent.   By way of example and without limitation, Defendant uses an iPad with installed application, such as "From the Edge," to receive a request from a viewer for supplemental information related to a video program (such as photos, behind the scenes video and/or character information), receive synchronization information relating to the video program, process the request for the supplemental information, and transmit the synchronized supplemental information using the synchronization information.

22.    Upon information and belief, Defendant TVaura is infringing (literally and/or under the doctrine of equivalents) the '505 patent in this District and throughout the United States by, among other things, an iPad with installed application that is covered by, without limitation, claim 7 of the '505 patent.   By way of example and without limitation, Defendant uses an iPad with installed application, such as "From the Edge" or "ABC's Grey's Anatomy Sync," to receive a request from a viewer for supplemental information related to a video program (such as photos, behind the scenes video and/or character information), receive synchronization information relating to the video program, process the request for the supplemental information, and transmit the synchronized supplemental information using the synchronization information.

23.    Defendants committed these acts of infringement without license or authorization.

24.     Walker Digital has suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '505 patent.

## DEMAND FOR JURY TRIAL

Plaintiff Walker Digital, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

For the above reasons, Walker Digital respectfully asks this Court to grant the following relief in favor of Walker Digital and against Defendants:

(a)     A judgment in favor of Walker Digital that Defendants have directly infringed (either literally or under the doctrine of equivalents) one or more claims of each of the '505 patent;

(b)     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing the '505 patent;

(c)     A judgment and order requiring Defendants to pay Walker Digital its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '505 patent;

(d)    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Walker Digital its reasonable attorneys' fees; and

(e)    Any and all such other relief as the Court deems just and proper.

April 22, 2011                                          BAYARD, P.A.

Of Counsel:                                            /s/ Richard D. Kirk
                                                       Richard D. Kirk (rk0922)
   James C. Otteson                                    Stephen B. Brauerman (sb4952)
   Monica M. Eno                                       222 Delaware Avenue, Suite 900
   David A. Caine                                      P.O. Box 25130
   Xiang Long                                          Wilmington, DE  19899
   Agility IP Law, LLC                                 rkirk@bayardlaw.com
   1900 University Circle                              sbrauerman@bayardlaw.com
   Suite 201                                           (302) 655-5000
   East Palo Alto, CA  94303
   jim@agilityiplaw.com                                Attorneys for Plaintiff Walker Digital, LLC
   monica@agilityiplaw.com
   dacaine@agilityiplaw.com
   longxiang@agilityiplaw.com
   (650) 227-4800